# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DEBRA LITTLE,** : |  |
| : |  |
| **Plaintiff** : |  |
| : |  |
| v. : | **5:06-CV-394 (WDO)** |
| : |  |
| **MAREE CHANDLER, Executive** : |  |
| **Director of ABILITY DISCOVERED,** : |  |
| **INC.,** : |  |
| : |  |
| **Defendant** : |  |

### O R D E R

Plaintiff Debra Little filed this case pursuant to Title VII alleging employment discrimination. Plaintiff was previously employed by the Peach County Board of Education. Plaintiff apparently sought job placement assistance with an entity called "Ability Discovered," the employer of the named Defendant herein. Upon review of her complaint filed with the EEOC, the EEOC dismissed Plaintiff's case because the Plaintiff failed to file a complaint against her former employer. Plaintiff thereafter filed suit in this court pursuant to Title VII alleging employment discrimination and seeks to proceed *in forma pauperis.*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review an *in forma pauperis* complaint and dismiss it if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S.

1

Dockets.Justia.com

319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

In order to state a claim for relief pursuant to Title VII, 42 U.S.C. § 2000e-5, *et seq.*, a plaintiff must allege employment discrimination by a current or former *employer*. Plaintiff Little filed this case against the Executive Director of "Ability Discovered" and did not allege any claims against any other entities or individuals or allege discrimination pursuant to any other federal or state statute. Because Plaintiff did not allege that Ability Discovered was her employer, and it does not appear that the entity was her employer, Maree Chandler as Director of Ability Discovered and Ability Discovered are DISMISSED from this case. Because the case is therefore frivolous and fails to state a claim upon which this Court can grant any relief, the motion to proceed *in forma pauperis* is DENIED. This case is DISMISSED WITHOUT PREJUDICE to Plaintiff's right to refile an amended complaint against an entity subject to suit in this Court, or against an entity subject to a complaint with the EEOC. This dismissal without prejudice is not in any way a declaration by this Court that any claims Plaintiff may assert in a new EEOC charge and/or an amended complaint in this

Court would be appropriate, or within the applicable statute of limitations, or otherwise of any legal or factual merit.

**SO ORDERED, this 5th day of December 2006.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**